### FANNY DUVAL v. ELIZABETH H. FEBIGER.

D. mortgages certain real estated to C., his wife joining and releasing her dower. C. assigned the mortgage to S., and D. afterward conveyed to S. the equity of redemption, his wife not joining in the deed, and then died:

*Held*, that as after the mortgage D. had but an equity of redemption, the conveyance thereof by him to S. merged the debt in the higher title, and did not revive the right of dower of the wife of D. in the premises.

ACTION FOR DOWER RESERVED TO GENERAL TERM on agreed statement of facts, which appear in the opinion.

*Paddack*, for plaintiff.

*Ware & Disney*, contra.

HAGANS, J.   Jonathan Duval, the deceased husband of the plaintiff, derived title to certain premises from Jonathan Coit by deed of general warranty, dated July 20, 1831, in consideration of $1,600. On the same day his wife, the plaintiff, joining and releasing her dower, he made a mortgage on the same premises to Coit to secure the payment of two notes, one for $617 and one for $858,

due respectively May 13, 1832, and May 13, 1833, both notes being dated May 13, 1830, and this mortgage was recorded July 23, 1831. Coit assigned this mortgage to E. C. Smith, as follows: "For value received I transfer and assign this mortgage to E. C. Smith, who has paid the amount due on the same," which assignment was recorded November 29, 1835. On June 12, 1832, Duval, in consideration of $2,000, conveyed the same property to said Smith, by deed of general warranty, in which the plaintiff did not join. Smith died seized of the said property, and devised it, together with other real estate, to trustees for his heirs at law. On partition, the premises in question were set off to Mary Smith, his widow, for her dower, and the fee thereof became finally in the defendant, against whom this action is brought. It further appeared that among the papers belonging to the estate of E. C. Smith, there were seven promissory notes made by Duval in his lifetime to Smith, to the aggregate of $8,850, together with a number of other papers, showing large dealings between them; but these notes, etc., were admitted as evidence subject to exception.

It does not seem necessary to admit these papers, as the mortgage from Duval to Smith, and the subsequent conveyance of the mortgaged premises to Smith after default of payment, would on its face, in the absence of any testimony to the contrary, seem to be with sufficient consideration, and the conveyance of the property to the mortgagee certainly satisfied the mortgage, which thereafter had no effect, though uncanceled of record. *Jennings* v. *Wood*, 20 Ohio, 261.

It is said the mortgage from Duval to Smith was not, as is apparent from the transaction, a purchase money mortgage. If it had been, there would have been no necessity for the wife's joining in it. But the wife, the present plaintiff, did join in it, and the question is, whether she has dower after the subsequent conveyance of the equity of redemption by her husband to the holder of the mortgage.

It is said again, that by the terms of the assignment from Coit to Smith the mortgage debt was "paid," and that therefore the plaintiff can have dower. If that assignment had been to a third person, a stranger to the title, we do not think the word "paid" would be construed to mean satisfaction, but rather as a term which, taken together with the whole assignment, expressed the consideration of the transfer, and not the extinguishment of the debt. We see no reason why, even in this view, we should hold differently in this case if there were nothing more. But the holder of the mortgage was the grantee in the deed from the mortgagor. Although the mortgage debt became thereby merged in the higher title, we do not see that at the same time the right of dower revived; for Coit, the mortgagee, became thereby a purchaser of the right of dower and owned it, if it were necessary to extinguish the debt, and Smith succeeded to all his right by the assignment. The husband of the plaintiff had, after the mortgage, no legal estate as against the mortgagee. He had but an equity of redemption, which he conveyed to Smith, whose title then became complete. This he had a right to do, for sufficient consideration, by his own deed, and thereby defeat the plaintiff of dower. If Smith had become the purchaser under proceedings in foreclosure of this mortgage, the plaintiff would have had no dower, and the effect is precisely the same, Smith having purchased the equity of redemption at private sale. Duval, the plaintiff's husband, did not die seized or possessed of an equity even in the premises, and there was therefore no estate of which she can be endowed. *St. Clair* v. *Morris,* 9 Ohio, 15 ; *Taylor* v. *Fowler,* 18 Ib. 567; *Carter* v. *Walker,* 2 Ohio St. 339; *Carter* v. *Goodwin,* 3 Ib. 75.

Judgment may be entered for the defendant.